## WILLIAM CARSLEY *et al. versus* PEREGRINE WHITE *et al.*

The master of a vessel is not required by any positive law or general usage, always, in the night time, to exhibit a light on his vessel while at anchor in a harbor ; and whether the omission to exhibit one will amount to negligence, so as to bar a claim for an injury received from another vessel's running foul of her, must depend on the particular circumstances of the case.

THIS was an action on the case, by the owners of a fishing smack called the Columbia, against the owners of a vessel called the Love, to recover damages alleged to have been occasioned by the negligence and unskilfulness of those who nad charge of the defendants' vessel in running against the plaintiffs' vessel whilst lying at anchor in Provincetown harbor, on the 14th of May, 1835.

At the trial, before *Shaw* C. J., it was testified, that the plaintiffs' vessel was lying at anchor in the harbor at about half past eight o'clock in the evening ; that a great number of other vessels were lying in the same harbor ; and that the defendants' vessel, when running in for shelter, struck the plaintiffs' vessel on her side and injured her.

There was no light burning on the deck of the plaintiffs' vessel. It was cloudy and misty, but it did not rain, and it was light enough for a seaman to discern a vessel at anchor at a considerable distance.

The jury were instructed, that in case of collision, either at sea or in a harbor, to enable the plaintiffs to recover, it must appear that the accident was not caused by any negligence or want of skill on their part.

The counsel for the defendants contended, that it was neces sary for the plaintiffs to show that they had a light on their deck, and requested the judge so to instruct the jury. But he instructed them, that whether the plaintiffs ought to have had a light on deck, depended upon the circumstances of the case,

especially the position of the vessel at anchor, and the state of the light from the heavens ; that if the vessel was in the usual place of anchorage, and there was light enough to enable the running vessel, with a good look out, to see and avoid the vessel at anchor, it was not necessary for the plaintiffs to keep a light on deck ; but if she was in an unusual or exposed place, and if it was so dark that a vessel at anchor could not be seen and avoided without a light on deck, it was carelessness not to have one ; that what would be suitable and necessary precaution in one situation and state of circumstances, would be insufficient in another.

To this instruction the defendants excepted, and if the jury should have been instructed, that it was necessary for the plaintiffs to have had a light on deck, the verdict, which was for the plaintiffs, was to be set aside, otherwise judgment was to be rendered on the verdict.

*T. G. Coffin*, for the defendants, cited Abbott on Shipping (4th Amer. ed.), 354 ; Marshall on Ins. (3d ed.) 495.            *Oct. 27th*

*Warren* and *Eliot*, for the plaintiffs.

Morton J. delivered the opinion of the Court. We have    *Oct. 29th.* no doubt of the correctness of the instructions to the jury. It was incumbent upon the plaintiffs to show that the injury, of which they complain, was caused by the misconduct of the defendants and did not arise from their own negligence or want of skill.

The liability of the owners of a vessel, for the negligence, ignorance and misconduct of the master, while acting within his proper sphere, is undoubted.

In cases of injury upon the land, occasioned by the collision of two carriages, or by the driving of the carriage of one against the person or property of another, it is well settled that the *onus probandi* is upon the plaintiff to show that he was using ordinary care and diligence ; otherwise, it cannot be known that the injury was not attributable to his own negligence. *Smith* v. *Smith*, 2 Pick. 621 ; *Thompson* v. *Bridgewater*, 7 Pick. 188 ; *Lane* v. *Crombie*, 12 Pick. 177 ; *Adams* v. *Carlisle*, ante, 146 ; *Flower* v. *Adam*, 2 Taunt. 314 ; *Butterfield* v. *Forrester*, 11 East, 61 ; *Harlow* v. *Humiston*, 6 Cowen, 191.

Carsley
*v.*
White.

The same principle, somewhat extended, applies to collisions on the water. The master of a vessel, being selected by the owners for his nautical experience and knowledge, is responsible for himself, and his owners for him, not only for his negligence, but also for his want of skill. Marsh. on Ins. 495 ; Abbott on Shipping (4th Amer. ed.), 99 ; *The Thames*, 5 Rob. Adm. R. 345 ; *The Neptune*, 1 Dodson, 467 ; *The Woodrop Sims*, 2 Dodson, 83 ; *Dean* v. *Angus*, Bee's R. 369 ; *Purviance* v. *Angus*, 1 Dallas, 180 ; *Bussy* v. *Donaldson*, 4 Dallas, 206 , *Stone* v. *Ketland*, 1 Wash. Cir. C. R. 142 ; *Vanderplank et al.* v. *Miller et al.* 1 Moody & Malk. 169 ; *Vennall* v. *Garner*, 1 Crompt. & Meeson, 21; *Luxford* v. *Large*, 5 Carr. & Payne, 421 ; *Lack* v. *Seward*, 4 Carr. & Payne, 106.

We know of no positive rule or usage, requiring the master, always, in the night time, to keep a light exhibited on his vessel, and operating like the rule of the laws of Oleron and of Wisbuy, which made it the duty of the master, always, when in port, to keep a buoy to his anchor and rendered him liable for all damage caused by a neglect to do it. Laws of Oleron, *Art.* 14 ; Laws of Wisbuy, *Art.* 28, 51 ; see 1 Peters's Adm. R. Appendix, 28, 78, 85.

Whether common care and prudence required of the plaintiffs to have a light, and the omission to have it amounted to negligence, must depend upon the darkness of the night, the number and the situation of the vessels in the harbor, and all the other circumstances connected with the transaction. This is a question of fact, within the province of the jury. It was submitted to them with proper comments and instructions. They have decided it. And there is no reason to complain of their decision.

*Judgment on the verdict.*